**SEYFARTH SHAW LLP**
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendant
KHRG SACRAMENTO LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY BARR, individually, and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>KHRG SACRAMENTO LLC, a limited liability company; and DOES 1-50, inclusive,<br><br>               Defendant. | **CLASS ACTION**<br><br>Case No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**<br><br>[Sacramento County Superior Court Case No. 24CV002365]<br><br>[*Filed concurrently with:*<br>*1. Civil Cover Sheet;*<br>*2. Certificate and Notice of Interested Parties;*<br>*3. Corporate Disclosure Statement;*<br>*4. Declaration of Kristin Uribe;*<br>*5. Proof of Service]*<br><br>Complaint Filed: February 8, 2024<br>Trial Date:  None Set |

309417154v.2

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant KHRG SACRAMENTO LLC ("Defendant") files this Notice of Removal, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California for the County of Sacramento, to the United States District Court for the Eastern District of California. This Court has original jurisdiction over the action pursuant to CAFA for the following reasons:

## I.     BACKGROUND

1.     On February 8, 2024, Plaintiff Ashley Barr ("Plaintiff") filed a class and representative action complaint in the Superior Court of California for the County of Sacramento, titled "*Ashely Barr v. KHRG Sacramento LLC, a limited liability company; and DOES 1 through 50, inclusive*," Case No. 24CV002365 ("Complaint"). The Complaint asserts seven causes of action for (1) failure to provide accurate itemized wage statements under California Labor Code §§ 226; (2) failure to pay sick leave under California Labor Code §§ 201-204, 218, 218.5, 218.6, 226, 233, 246, and 248.5; (3) unpaid meal period premium under California Labor Code §§ 201-204, 226, 226.7, and 512; (4) unpaid rest period premium under California Labor Code §§ 201-203, 226.7, and 512; (5) unpaid overtime wages and waiting time penalties under California Labor Code §§ 201-204, 226, 510, 1194, 1197.1; (6) penalties under the Private Attorneys General Act ("PAGA") and California Labor Code §§ 2698; and (7) unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq*.

2.     On February 12, 2024, Defendant was personally served with a copy of the Summons and Complaint, Civil Case Cover Sheet, and Notice of Case Assignment through its registered agent for service of process in California. A true and correct copy of the service packet received by Defendant is attached hereto as **Exhibit A**.

3.     On March 11, 2024, Defendant filed its Answer to Plaintiff's Unverified Class and Representative Action Complaint in the Superior Court of California for the County of Sacramento. A true and correct copy of the Answer filed to Plaintiff's Complaint is attached hereto as **Exhibit B**.

1

309417154v.2

4. Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A and B, in this action prior to filing this Notice of Removal.

## II. TIMELINESS OF REMOVAL

5. Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons—"The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." 28 U.S.C. §1446(b)(1).

6. The service of process which triggers the 30-day period to remove is governed by state law. *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law."); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7. Here, Defendant was served with a copy of Summons and Complaint, through its registered agent for service of process in California on February 12, 2024. Defendant filed its Notice of Removal within 30 days of service of the Summons and Complaint. Therefore, Defendant's Notice of Removal is timely.

## III. REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

8. Under the CAFA, district courts have original jurisdiction for class actions "if [1] the class has more than 100 members, [2] the parties are minimally diverse, and [3] the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)). As set forth below, each of these three requirements are met and thus this action is properly removable, pursuant to 28 U.S.C. § 1441(a).

### A. The Class Action Includes Approximately 2,999 Potential Class Members.

9. A removal under CAFA requires at least 100 members in a proposed class. *See* 28 U.S.C. § 1332(d)(5)(B) (providing that CAFA jurisdiction does not apply to any class action in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

309417154v.2

10. Here, Plaintiff defined the proposed class to include four sub-classes. The first sub-class includes "[a]ll current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any non-discretionary remuneration, including without limitation, Rms Grat Pay, from Defendant at any time from February 8, 2020, through the present (the 'Sick Pay Class')." (Ex. A—Complaint, ¶ 17.)

11. The second sub-class includes "[a]ll current and former California non-exempt employees of Defendants who were paid any meal period premium payments and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that meal period premiums were paid, at any time from February 8, 2020, through the present ('the Meal Period Premium Class')." (*Id.*)

12. The third sub-class includes "[a]ll current and former California non-exempt employees of Defendants who were paid any rest period premium payments and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that rest period premiums were paid, at any time from February 8, 2020, through the present (the 'Rest Period Premium Class')." (*Id.*)

13. The fourth sub-class includes [a]ll current and former California non-exempt employees of Defendants who were paid any overtime wages and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that overtime wages were paid, at any time from February 8, 2020, through the present ('Overtime Class')." (*Id.*)

14. Plaintiff sued Does 1-50, and alleges that "the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment." Ex. A—Complaint, ¶ 13. Plaintiff also alleges that "each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity." *Id.* ¶ 14. Plaintiff further alleges that Defendants, "and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acting

3

309417154v.2

within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise." *Id*. ¶ 15.

15. Based on the filing date of the Complaint on February 8, 2024, the proposed class period covers the time period of **February 8, 2020 to the present**. Based on the proposed class definition, **there are approximately 2,999 current and former non-exempt employees who may be subject to additional remuneration between February 8, 2020 and the present**. (Declaration of Kristin Uribe ("Uribe Declaration"), ¶ 7.) Thus, there is no question that the size of the proposed class far exceeds the minimum threshold of 100 members under CAFA.

### B. Plaintiff And Defendants Are Minimally Diverse.

16. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction—that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant.").

17. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought.").

18. In the instant case, Plaintiff is a citizen of a state (California) that is different from the states of citizenship of Defendant (Delaware and Georgia).

### 1. Plaintiff Is A Citizen Of California.

19. For diversity purposes, a natural person's state citizenship is determined by that person's domicile—*i.e.*, one's "permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed").

20. In this case, Plaintiff first concedes that she worked in California throughout her employment with Defendant approximately from September 2023 to December 6, 2023. (Ex. A— Complaint, ¶ 7, "In or around September 2023, Plaintiff was hired by Defendants. On or about

4

December 6, 2023, Plaintiff's employment ended. Plaintiff worked as a non-exempt, or hourly housekeeper for the Company in this County.")

21. Additionally, Plaintiff provided Defendant with her home address during the course of her employment for purposes of her personnel files, payroll checks, and tax withholdings. (Uribe Declaration, ¶ 4.) Defendant's review of Plaintiff's personnel files reveal that throughout the period of her employment, Plaintiff was a resident of California. (*Id.*)

22. Plaintiff's intent to remain domiciled in California also is evident from the fact that she brought this lawsuit against Defendant in the Superior Court of the State of California for the County of Sacramento. Therefore, Plaintiff was at all relevant times, and still is, a citizen and resident of the State of California.

### 2. Defendant Is Not A Citizen Of California, But Rather Is A Citizen of Delaware and Georgia.

23. Defendant is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

24. First, "for purposes of diversity jurisdiction, … a limited liability corporation is a citizen of all the states of which its owner/members are citizens." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

25. Here, Kimpton Hotel & Restaurant Group, LLC ("KHRL") is the sole member of Defendant; Dunwoody Operations, LLC ("DWOL") is the sole member of KHRL; and Six Continents Hotels, Inc. ("SCHI") is the sole member of DWOL. (Uribe Declaration, ¶ 5.) Therefore, SCHI is the sole and ultimate member/owner of Defendant, and SCHI's citizenship determines the citizenship of Defendant.

26. Second, under CAFA, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

27. Here, SCHI is now, and ever since this action commenced has been, a Delaware corporation organized under the laws of the State of Delaware. (Uribe Declaration, ¶ 5.) Therefore, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

309417154v.2

28. Further, as shown below, SCHI's principal place of business is, and has been at all times since this action commenced, located in the State of Georgia. (Uribe Declaration, ¶ 6.) Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of Georgia.

29. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high-level officers direct, control and coordinate its activities on a day-to-day basis. *Id*. at 92–93 ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").

30. Under the "nerve center" test, Georgia emerges as SCHI's principal place of business. SCHI's corporate headquarters are located in Ravinia, Georgia, where SCHI's high-level officers direct, control, and coordinate its activities. (Uribe Declaration, ¶ 6.) SCHI's high-level corporate officers maintain offices in Ravinia, and many of SCHI's corporate-level functions are performed in the Ravinia office. (*Id.*) Additionally, many of SCHI's executive and administrative functions, including corporate finance and accounting, are directed from the Ravinia headquarters. (*Id.*) Because Georgia is SCHI's principal place of business, it is also Defendant's principal place of business.

31. Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since this action commenced, a citizen of the State of Delaware and the State of Georgia. 28 U.S.C. § 1332(c)(1).

32. Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia, minimal diversity exists for purposes of CAFA.

**3.      The Citizenship Of Doe Defendants Should Be Disregarded.**

33. The other defendants named in the Complaint are merely fictitious parties identified as "DOES 1-50" whose citizenship shall be disregarded for purposes of this removal. 28 U.S.C. § 1441(b) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be

6

309417154v.2

disregarded"); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[T]he unknown defendants sued as 'Does' need not be joined in a removal petition.") (citing *Ronson Art Metal Works, Inc. v. Hilton Lite Corp.*, 111 F.Supp. 691, 694 (N.D. Cal. 1953)).

34. Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679–80 n.4 (9th Cir. 2006) (rule applied in CAFA removal; "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

**C.     The Amount In Controversy Exceeds The $5 Million Statutory Threshold Under CAFA.**

35. CAFA requires that the amount in controversy exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

36. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

37. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42–43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its

7

309417154v.2

provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

38. Here, even if the Complaint does not allege an amount in controversy, the removing defendant only needs to prove by a **preponderance of the evidence** that the amount in controversy exceeds that minimum. *Ramos v. MOOG Inc.*, 2020 WL 969023, at \*3 (C.D. Cal. Feb. 27, 2020) (applying preponderance of evidence standard to deny motion to remand where plaintiff's class action complaint makes conclusory allegation that the "aggregate claim is under five million dollars"); *see also Dart*, 135 S. Ct. at 553–54 ("Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds the jurisdictional threshold") (emphasis added, internal alterations omitted); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. In light of *Standard Fire*, this rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million.") (citations omitted); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that under the "preponderance of the evidence" standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at \*2 (E.D. Cal. July 14, 2010) (same).

39. To satisfy this standard, the "defendants' notice of removal need include **only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An

8

309417154v.2

assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount'") (emphasis added).

40. The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

41. For purposes of ascertaining the amount in controversy, "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

42. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

43. If a plaintiff asserts statutory violations, **the court must assume that the violation rate is 100%** unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. She did not.

9

309417154v.2

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations . . . Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform . . . policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

44. Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3–5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of

10

309417154v.2

California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio*, *LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

45. In this case, Plaintiff seeks to recover, on behalf of herself and the alleged class, alleged failure to provide accurate itemized wage statements, failure to pay sick leave at the proper rate, failure to pay meal and rest period premiums at the proper rate, failure to pay overtime at the proper rate, waiting time penalties, and penalties under PAGA and California Labor Code §§ 2698, and unfair business practices. (Ex. A—Complaint at ¶¶ 28-60.) Plaintiff also seeks attorneys' fees and costs. (Ex. A—Prayer For Relief.)

46. As set forth below, the alleged amount in controversy, implicated by the classwide allegations, exceeds **$10 Million**, exclusive of the amount in controversy for alleged underpayment of overtime, meal premium, rest premium, and sick pay wages. All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and solely for purposes of this Notice of Removal, that liability is established.

**1.**     **The First Cause Of Action For Failure to Furnish Accurate Itemized Wage Statements: The Amount In Controversy Exceeds $1.8 Million.**

309417154v.2

47. For Plaintiff's first cause of action, Plaintiff alleges that "Defendant violated Labor Code § 226(a) as to Plaintiff and Class Members by not accurately reflecting gross and net wages and hourly rates as a result of Defendant's regular rate violations alleged herein with respect to sick pay, overtime and meal and rest period premium wages. The wage statements provided to Plaintiff and the Class failed to provide the accurate, requisite information." (Ex. A—Complaint, ¶ 29.)

48. As a result, Plaintiff seeks to recover "for all damages or penalties pursuant to Labor Code § 226 …." (Ex. A—Complaint, ¶ 30.)

49. Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under Labor Code § 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Because Plaintiff filed his Complaint on February 8, 2024, the statutory period for the claim under California Labor Code § 226 runs from **February 8, 2023 to the present**.

50. Plaintiff alleges that Defendant routinely failed to include non-discretionary compensation in the calculation for sick leave pay, overtime, and meal and rest break premiums. Plaintiff alleges that this resulted in Defendant issuing inaccurate wage statements. (Ex. A—Complaint, ¶¶ 28-30.)

51. During the limitations period of February 8, 2023 to March 13, 2024, there are approximately 1,307 potential class members with 38,901 total weeks worked. (Uribe Declaration, ¶ 9.) Defendant generally pays non-exempt employees on a bi-weekly basis, so at least 19,451 wage statements were issued to these employees (38,901/2) based on the number of weeks worked. (*Id.*) When including a $50 penalty for the initial wage statement and $100 for each subsequent wage statement (to a maximum of $4,000 per employee), the amount in controversy on this claim would equal no less than **$1,879,750** (**$1,814,400** [$100 x 18,144 pay periods (for subsequent wage statements)] + **$65,350** [$50 x 1,307 employees (for initial wage statements]).

DEFENDANT'S NOTICE OF REMOVAL

309417154v.2

**2.     The Second,  Third, Fourth, and Fifth Causes Of Action For Failure to Timely Pay Wages Due Upon Separation of Employment: The Amount In Controversy Exceeds $6 Million.**

52.     Plaintiff's second through fifth causes of action contain an overlapping claim for violation of the California Labor Code §§ 201-203. In each of these causes of action, Plaintiff seeks to recover waiting time penalties on behalf of the proposed class for the alleged failure to pay all wages due upon termination.

53.     For Plaintiff's second cause of action, Plaintiff alleges that "[a]s a policy and practice, Defendants unlawfully failed to pay sick pay at the regular rate of pay. Plaintiff and Class Members routinely earned non-discretionary incentive wages, including without limitation, Rms Grat Pay, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiff and Class Members, as opposed to the correct, higher regular rate of pay." (Ex. A—Complaint, ¶ 33.) "Based on Defendants' failure to pay all sick pay to Plaintiff and Class Members, and as a matter of policy and practice, Defendants failed to timely pay Plaintiff and Class Members all due wages or timely pay all due wages upon separation of employment." (Ex. A—Complaint, ¶ 35.)

54.     For Plaintiff's third cause of action, Plaintiff alleges that "Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal periods …." (Ex. A—Complaint, ¶ 38.) Plaintiff also alleges that "Plaintiff and Class Members earned non-discretionary incentive pay, including without limitation, Rms Grat Pay, which was not factored into the regular rate of pay for purposes of paying meal period premium pay. Instead, during pay periods in which Plaintiff and Class Members earned non-discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of pay." (*Id.*) Based on the alleged facts, Plaintiff claims that "Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203." (Ex. A—Complaint, ¶ 40.)

55.     For Plaintiff's fourth cause of action, Plaintiff alleges that "Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, were authorized and permitted to

13

309417154v.2

take rest periods ...." (Ex. A—Complaint, ¶ 43.) Plaintiff further alleges that "Plaintiff and Class Members earned non-discretionary incentive pay, including without limitation, Rms Grat Pay, which was not factored into the regular rate of pay for purposes of paying rest period premium pay. Instead, during pay periods in which Plaintiff and Class Members earned non-discretionary remuneration, Defendants improperly paid the rest premium pay at the base rate of pay." (*Id.*) Based on the factual allegations, Plaintiff claims that "Defendants' willful failure to provide all rest period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203." (Ex. A—Complaint, ¶ 45.)

56.     For Plaintiff's fifth cause of action, Plaintiff alleges that "[d]uring their employment with Defendants, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned non-discretionary remuneration, including without limitation, Rms Grat Pay. Defendants, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owe Plaintiff and the Class additional overtime pay." (Ex. A—Complaint, ¶ 49.) Plaintiff further alleges that "Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203." (Ex. A—Complaint, ¶ 50.)

57.     Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay. *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

58.     The statute of limitations period for California Labor Code § 203 penalties extends back three years from the date of filing of the complaint, or **February 8, 2021**. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee

14

who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

59. Plaintiff alleges that all non-exempt employees were routinely paid non-discretionary compensation and that the alleged failure to include this compensation in the regular rate for purposes of sick leave pay, meal and rest break premiums, and overtime meant that all employees were due additional wages upon separation of employment which resulted in a violation of Labor Sections 201-203. (Ex. A—Complaint, ¶¶ 34, 35, 40, 45, and 50.) Plaintiff also alleges all putative class members are entitled to waiting time penalties of thirty days' wages. (*Id.*)

60. Here, during the three-year limitations period, between February 8, 2021 and March 13, 2024, there were approximately 1,527 potential class members whose employment ended. (Uribe Declaration, ¶ 8.) The putative class members' average hourly rate of pay during the relevant period was $17.56/Hour, and the standard work day for nearly all of Defendant's non-exempt employees is eight hours. (*Id.*) If each potential class member is owed eight hours of pay per day for the maximum penalty of 30 days, the alleged amount in controversy for the claim of waiting time penalties would be approximately **$6,435,388.80.** [($17.56/hour x 8 hours x 30 days) x 1,527 potential class members].

61. It is appropriate to use the maximum 30 days to calculate the amount in controversy for the waiting time penalties. *See, e.g.*, *Tajonar v. Echosphere, LLC*, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding defendant's "calculations [we]re reasonable and consistent with [plaintiff's] own allegations" that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations.").

**3. Attorneys' Fees: The Amount In Controversy Exceeds $2 Million.**

62. Plaintiff also seeks attorneys' fees. (Ex. A—Complaint, ¶¶ 30, 51, 55; Prayer For Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is "mandatory

15

309417154v.2

or discretionary"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

63. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (citing *Brady*, 243 F. Supp. 2d at 1010–11); *Muniz*, 2007 WL 1302504 at *2 (attorneys' fees "are also properly considered in ascertaining the amount in controversy" for purposes of removal under CAFA).

64. The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

65. Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

66. In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v.*

16

309417154v.2

*Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78–84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16–18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).

67. Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$2,078,784.70** in this case, which is 25% of the amount in controversy for the claims alleged in the Complaint and discussed above—**$1,879,750** (wage statement claim) + **$6,435,388.80** (alleged waiting time penalties).

### 4. The Total Aggregate Amount In Controversy Exceeds $5 Million.

68. Although Defendant denies Plaintiff's allegations that she or the potential class are entitled to any relief for the above-mentioned claims, based on the foregoing calculations, the aggregate amount in controversy for the potential class for all asserted claims is approximately **$10,393,923.50**, exclusive of the amount in controversy for the alleged underpayment of overtime, meal premium, rest premium, and sick pay wages:

17

309417154v.2

| Cause of Action | Amount in Controversy Based on the Allegations of the Complaint |
|---|---|
| Wage Statement Claim | **$1,879,750** |
| Waiting Time Penalties | **$6,435,388.80** |
| Attorneys' Fees | **$2,078,784.70** (based on 25% of the amount in controversy of **$8,315,138.80**, on the above claims) |
| Total | **$10,393,923.50** |

69. Although Defendant denies Plaintiff's allegations that she or the potential class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and conservative estimates based on those allegations, the total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

70. Because both minimal diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. § 1441(a).

71. To the extent that Plaintiffs have alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. § 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(a). 28 U.S.C. §§ 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**IV. SUPPLEMENTAL JURISDICTION**

72. Plaintiff asserts the remainder of her claims under the California Labor Code, the California Business and Professions Code, and California's PAGA statute, which arise from the "same case and controversy" as the claims forming the basis for the Court's jurisdiction under CAFA. *Id.*

73. For Plaintiff's sixth cause of action under PAGA, she "seeks penalties on behalf of the State of California for violations of Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, and 1197.1, committed against all similarly aggrieved non-exempt employees at any time from December 19, 2022, through the present[,]" which includes her alleged failure to provide accurate

18

itemized wage statements, failure to pay sick leave and waiting time penalties, unpaid meal period premium and waiting time penalties, unpaid rest period premium and waiting time penalties, and unpaid overtime wages and waiting time penalties. (Ex. A—Complaint at ¶¶ 28-55.) Because Plaintiff's alleged California Labor Code claims form the basis for her PAGA claim, this Court has supplemental jurisdiction over Plaintiff's PAGA claim because it arises from the "same case and controversy" as her California Labor Code claims. 28 U.S.C. §§ 1367(a). *See, e.g.*, *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail."); *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185, 140 Cal. Rptr. 3d 796, 801 (2012) ("When a statutory claim fails, a derivative UCL claim also fails.") (citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999)).

74.     Similarly, Plaintiff alleges under her seventh cause of action that "Defendant has engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to pay sick pay, overtime, and meal and rest period premium wages at the regular rate of pay and engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders." (Ex. A—Complaint at ¶ 57.) Because Plaintiff's alleged California Labor Code claims form the basis for her unfair business practices claim, this Court has supplemental jurisdiction over Plaintiff's unfair business practices claim because it arises from the "same case and controversy" as her California Labor Code claims. 28 U.S.C. §§ 1367(a). *See, e.g.*, *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 958 (C.D. Cal. 2015) ("A plaintiff pursuing a representative PAGA action must prove the alleged underlying Labor Code violations (i) first, as to him or herself, and (ii) second, as to all . . . aggrieved employees for which a penalty also is sought."); *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1182 (C.D. Cal. 2008) ("Plaintiff's claim under the Private Attorneys General Act is wholly dependent upon her other claims" and "[b]ecause all of Plaintiff's other claims fail as a matter of law, so does her PAGA claim") *aff'd*, 368 F. App'x 761 (9th Cir. 2010); *Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 6321628, at *4 (C.D. Cal. June 25, 2018) ("Plaintiffs' PAGA claim rises or falls with their other claims"); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail."); *Aleksick v. 7-*

19

309417154v.2

*Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185, 140 Cal. Rptr. 3d 796, 801 (2012) ("When a statutory claim fails, a derivative UCL claim also fails.") (citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999)).

75. Therefore, the remaining claims are part of the "same case and controversy" as the claims that form the basis for the Court's jurisdiction under CAFA. Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims under California law pursuant to 28 U.S.C. § 1367(a). *See Geanta v. Compass Health, Inc.*, 673 F. App'x 768, 769 (9th Cir. 2017) (reversing dismissal of related state law claims on grounds that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## V. VENUE

76. Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c). This action originally was brought in the Superior Court of the State of California for the County of Sacramento, which is located within the Eastern District of California. 28 U.S.C. § 84(c). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. NOTICE TO STATE COURT AND TO PLAINTIFF

77. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of Sacramento. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Sacramento as required under 28 U.S.C. § 1446(d).

## VII. PRAYER FOR REMOVAL

78. WHEREFORE, Defendant prays that this civil action be removed from Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California.

20

309417154v.2

DATED: March 13, 2024          SEYFARTH SHAW LLP

By: */s/ Leo Q. Li*
     Eric E. Hill
     Leo Q. Li
     Ping Wang

     Attorneys for Defendant
     KHRG SACRAMENTO LLC

DEFENDANT'S NOTICE OF REMOVAL

309417154v.2

# EXHIBIT A

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KHRG Sacramento LLC, a limited liability company, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ashley Barr, individually and on behalf of all others similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento

**02/09/2024**

By: _____ K. Lideros _____ Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
720 9th Street, Sacramento, CA 95814

</td><td>

CASE NUMBER:
*(Número del Caso):*
**24CV002365**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William L. Marder, Esq.    (Bar # 170131)      Fax No.: (831) 634-0333
Polaris Law Group                                Phone No.: (831) 531-4211
501 San Benito Street, Suite 200, Hollister, CA 95023

DATE:
*(Fecha)* 02/09/2024       Clerk, by   */s/ K. Lideros*      , Deputy
                           *(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* KHRG Sacramento LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
William L. Marder, Esq.      (Bar # 170131)
Polaris Law Group
501 San Benito Street, Suite 200, Hollister, CA 95023
TELEPHONE NO.:(831) 531-4211      FAX NO. *(Optional):* (831) 634-0333
E-MAIL ADDRESS: bill@polarislawgroup.com
ATTORNEY FOR *(Name):* Ashley Barr, Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento

02/08/2024

By: _____ K. Lideros _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS:   720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Sacramento 95814
BRANCH NAME:

CASE NAME:
Ashley Barr v. KHRG Sacramento LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | 24CV002365 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* SEVEN (7)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:February 5, 2024
William L. Marder, Esq.
_____
(TYPE OR PRINT NAME)

► *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
LexisNexis® Automated California Judicial Council Forms   www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento

02/08/2024
By: _____ K. Lideros _____ Deputy

William L. Marder, Cal Bar No. 170131
bill@polarislawgroup.com
POLARIS LAW GROUP
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:    831.531.4214
Facsimile:    831.634.0333

Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
dhyun@hyunlegal.com

Attorneys for Plaintiff and the Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| ASHLEY BARR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KHRG SACRAMENTO LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 24CV002365<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF CAL. LABOR CODE § 226(a);**<br><br>(2) **VIOLATION OF CAL. LABOR CODE §§ 201-204, 233, AND 246;**<br><br>(3) **VIOLATION OF CAL. LABOR CODE §§ 201-204, 226.7 AND 512;**<br><br>(4) **VIOLATION OF CAL. LABOR CODE § 201-204 AND 226.7;**<br><br>(5) **VIOLATION OF CAL. LABOR CODE §§ 201-204, 510, 558, 1194, AND 1197.1;**<br><br>(6) **VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*; AND**<br><br>(7) **UNFAIR OR UNLAWFUL BUSINESS PRACTICES**<br><br>**DEMAND EXCEEDS $25,000.00** |

1

Plaintiff Ashley Barr ("Plaintiff") hereby submits this Class and Representative Action Complaint ("Complaint") against Defendant KHRG Sacramento LLC (the "Company" or "Defendant") and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements, failure to pay all sick pay, meal and rest period premium and overtime wages as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, 1197.1, and 2698, *et seq.* and the California Industrial Welfare Commission's ("IWC") Wage Orders.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiff is informed and believes and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements identifying all required information.

4. Plaintiff is informed and believes and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, 1197.1, and 2698, *et seq.* As alleged below, Plaintiff has met all of the jurisdictional requirements to proceed under the Private Attorney General's Act (the "PAGA"), Labor Code § 2698, *et seq.*

6. Venue is proper in Sacramento County because Defendants maintain business locations in this County and Plaintiff performed work for Defendants in this County.

2

## PARTIES

7.    In or around September 2023, Plaintiff was hired by Defendants. On or about December 6, 2023, Plaintiff's employment ended. Plaintiff worked as a non-exempt, or hourly housekeeper for the Company in this County.

8.    Defendant operates hotels, including in Sacramento, California.

9.    Plaintiff is and was a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 1194, 1197.1, and 2698, *et seq.* and the applicable IWC Wage Orders.

10.    Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 1194, 1197.1, and 2698, *et seq.* and the IWC Wage Orders.

12.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    Plaintiff is informed and believes and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

3

joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of the following classes:

a. All current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any non-discretionary remuneration, including without limitation, Rms Grat Pay, from Defendant at any time from February 8, 2020, through the present (the "Sick Pay Class");

b. All current and former California non-exempt employees of Defendants who were paid any meal period premium payments and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that meal period premiums were paid, at any time from February 8, 2020, through the present (the "Meal Period Premium Class");

4

c.	All current and former California non-exempt employees of Defendants who were paid any rest period premium payments and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that rest period premiums were paid, at any time from February 8, 2020, through the present (the "Rest Period Premium Class");

d.	All current and former California non-exempt employees of Defendants who were paid any overtime wages and earned non-discretionary remuneration, including without limitation, Rms Grat Pay, covering the same period that overtime wages were paid, at any time from February 8, 2020, through the present (the "Overtime Class").

18.	**Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Company's records, including payroll records. Plaintiff is informed and believes and based thereon alleges, that the Company failed to: (a) pay sick pay, meal and rest period premium, and overtime wages at the correct, higher regular rate of pay; and (b) provide accurate itemized wage statements to employees in violation of Labor Code § 226.

19.	**Adequacy of Representation:** The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20.	**Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Company's failure to: (a) pay sick pay, meal and rest period premium, and overtime wages at the correct, higher regular rate of pay; and (b) provide accurate itemized wage statements to employees in violation of Labor Code § 226.

21. **Typicality:** The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Defendant also violated Labor Code §§ 201-204, 226, 510, 558, 1194, and 1197.1 as to Plaintiff and Class Members by failing to pay all owed wages, including without limitation, all sick, overtime, and meal/rest period premium wages based on the correct, higher regular rate of pay by not including all non-discretionary remuneration into the regular rate for purposes of paying meal/rest period premium wages, overtime and sick pay wages to Plaintiff and Class Members. Specifically, whenever meal and/or rest periods are denied to Plaintiff and Class Members, Defendant was required to pay meal and rest period premium wages based on the regular rate of pay by factoring in all non-discretionary pay into the rate. Defendant was also required to pay sick pay and overtime wages at the regular rate of pay. Defendant did not include all non-discretionary pay, including without limitation, Rms Grat Pay, into the meal and rest period premium and sick pay wages and instead paid these wages based on the base rate of pay. Further, as a result, Defendant violated Labor Code § 226(a) as to Plaintiff and Class Members by not accurately reflecting gross and net wages and hourly rates as a result of this violation. Moreover, Defendant violated Labor Code §§ 201-204 as to Plaintiff and Class Members whose employment has ended by not paying all owed sick pay, overtime, and meal and rest period premium wages within the time requirements set forth in these statutes. Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, 1197.1 and 2698, *et seq.*, and the applicable IWC Wage Orders

22. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate

6

procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

24. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 1194, and 2698, *et seq.*, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

26. Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

27. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company. The Class is commonly entitled to restitution of those funds being improperly withheld by the Company. This action is brought for the benefit of

7

the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AND THE MEAL AND REST PERIOD PREMIUM, SICK PAY AND OVERTIME CLASSES)**

28. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

29. The Company failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements in violation of Labor Code § 226(a). Defendant violated Labor Code § 226(a) as to Plaintiff and Class Members by not accurately reflecting gross and net wages and hourly rates as a result of Defendant's regular rate violations alleged herein with respect to sick pay, overtime and meal and rest period premium wages. The wage statements provided to Plaintiff and the Class failed to provide the accurate, requisite information.

30. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 201-204, 233, AND 246**

**(BY PLAINTIFF AND THE SICK PAY CLASS AGAINST ALL DEFENDANTS)**

31. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

32. Labor Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Labor Code § 246.5 at the employee's then current rate of entitlement. Labor Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave. An employer must calculate paid sick leave by using one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular

8

rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

33. As a policy and practice, Defendants unlawfully failed to pay sick pay at the regular rate of pay. Plaintiff and Class Members routinely earned non-discretionary incentive wages, including without limitation, Rms Grat Pay, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiff and Class Members, as opposed to the correct, higher regular rate of pay.

34. Moreover, Labor Code § 204 generally provides that wages are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Consistent with Labor Code § 204, Labor Code § 246 also provides that an employer shall provide payment for sick leave taken by an employee no later than the payday for the next regular payroll period after the sick leave was taken. Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

35. Based on Defendants' failure to pay all sick pay to Plaintiff and Class Members, and as a matter of policy and practice, Defendants failed to timely pay Plaintiff and Class Members all due wages or timely pay all due wages upon separation of employment. On information and belief, Defendants were advised by skilled lawyers and knew, or should have known, of the mandates of the Labor Code as it relates to Plaintiff' allegations. Defendants thus violated Sections 201-204 by not timely paying all due wages and not timely paying all due

9

wages upon the separation of employment.

36. As a pattern and practice, Defendants regularly and willfully failed to pay Plaintiff and other members of the Class their correct wages and accordingly owe damages, restitution, and applicable penalties, including waiting time penalties.

## THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204, 226.7 AND 512

### (BY PLAINTIFF AND THE MEAL PERIOD PREMIUM CLASS AGAINST ALL DEFENDANTS)

37. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

38. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premium at the correct rate of pay. Plaintiff and Class Members earned non-discretionary incentive pay, including without limitation, Rms Grat Pay, which was not factored into the regular rate of pay for purposes of paying meal period premium pay. Instead, during pay periods in which Plaintiff and Class Members earned non-discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of pay.

39. Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal period premium pay, as required by Labor

10

Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the meal period violations set forth above.

40. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

41. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

<u>FOURTH CAUSE OF ACTION</u>

**VIOLATION OF LABOR CODE § 201-204 AND 226.7**

**(BY PLAINTIFF AND THE REST PERIOD PREMIUM CLASS AGAINST ALL DEFENDANTS)**

42. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

43. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, were authorized and permitted to take rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their full 10-minute off-duty rest breaks for every 3.5 hours worked. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and

11

procedure, regularly failed to pay the rest period premium at the correct rate of pay. Plaintiff and Class Members earned non-discretionary incentive pay, including without limitation, Rms Grat Pay, which was not factored into the regular rate of pay for purposes of paying rest period premium pay. Instead, during pay periods in which Plaintiff and Class Members earned non-discretionary remuneration, Defendants improperly paid the rest premium pay at the base rate of pay.

44.     Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to include all non-discretionary remuneration into the regular rate of pay for purposes of calculating rest period premium pay, as required by Labor Code § 226.7, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the rest period violations set forth above.

45.     Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all rest period premium pay and/or wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

46.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

<u>FIFTH CAUSE OF ACTION</u>

**VIOLATION OF LABOR CODE §§ 201-204, 510, 558, 1194, AND 1197.1**

**(BY PLAINTIFF AND THE OVERTIME CLASS AGAINST ALL DEFENDANTS)**

47.     Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

48.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

12

PLAINTIFF'S CLASS AND REPRESENTATIVE ACTION COMPLAINT

49. During their employment with Defendants, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned non-discretionary remuneration, including without limitation, Rms Grat Pay. Defendants, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owe Plaintiff and the Class additional overtime pay.

50. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

51. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510, 558, 1194 and 1197.1.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

### (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFFS)

52. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

53. Plaintiff seeks penalties on behalf of the State of California for violations of Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, and 1197.1, committed against all similarly aggrieved non-exempt employees at any time from December 19, 2022, through the present.

54. On or about December 19, 2023, Plaintiff sent notice to Defendant and the Labor Workforce Development Agency (the "LWDA") of the violations of Labor Code §§ 201-204, 226, 226.7, 233, 246, 510, 512, 558, 1194, and 1197.1.

55. As of the date of the filing of this Complaint, the LWDA has not notified Plaintiffs

13

whether it intends to investigate the claims. Therefore, Plaintiff may seek applicable penalties under the PAGA, costs and attorneys' fees pursuant to Labor Code §§ 226.3 and 2699.

<u>SEVENTH CAUSE OF ACTION</u>

**UNFAIR OR UNLAWFUL BUSINESS PRACTICES**

**(BY PLAINTIFF AND THE MEAL AND REST PERIOD PREMIUM AND SICK PAY CLASSES AGAINST DEFENDANT)**

56. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set for herein.

57. Defendant has engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to pay sick pay, overtime, and meal and rest period premium wages at the regular rate of pay and engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

58. Defendant's utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendant's competitors.

59. Plaintiff seeks as an individual and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff also seeks injunctive relief to enjoin the unfair business practices alleged herein.

60. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

14

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representative of the Classes as described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-204, 218, 218.5, 218.6, 226, 233, 246, 248.5, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for damages and/or penalties according to proof pursuant to Labor Code §§ 201-204, 226, 226.7, and 512, and for costs;

7. Upon the Fourth Cause of Action, for damages and/or penalties according to proof pursuant to Labor Code §§ 201-204, 226, and 226.7, and for costs;

8. Upon the Fifth Cause of Action, for damages and/or penalties according to proof pursuant to Labor Code §§ 201-204, 226, 510, 1194, and 1197.1, and for costs and attorneys' fees;

9. Upon the Sixth Cause of Action, for civil penalties according to proof pursuant to Labor Code § 2698, *et seq.*, and for costs and attorneys' fees;

10. Upon the Seventh Cause of Action, for restitution of all funds unlawfully acquired by Defendants by any acts or practices declared to be in violation of the UCL, including interest thereon, and for costs;

11. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 1194, and 2699, and Code of Civil Procedure § 1021.5; and

12. For such other and further relief as the Court may deem just and proper.

PLAINTIFF'S CLASS AND REPRESENTATIVE ACTION COMPLAINT

DATED: February 5, 2024

POLARIS LAW GROUP

By: _William L. Marder_
William L. Marder
Attorneys for PLAINTIFF and the CLASS

PLAINTIFF'S CLASS AND REPRESENTATIVE ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Ashley Barr | |
| DEFENDANT/RESPONDENT: KHRG Sacramento LLC, a limited liability company | |
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER: 24CV002365 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Richard K. Sueyoshi | Hall of Justice | 53 |
| CASE MANAGEMENT PROGRAM | Thadd A. Blizzard | Gordon D. Schaber Superior Court | 43 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

### Hearing Date

The above entitled action has been set for a case management conference at **8:30 AM** on **September 13, 2024** in **Department 43** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

| SHORT TITLE: BARR vs KHRG SACRAMENTO LLC, A LIMITED LIABILITY COMPANY | CASE NUMBER: 24CV002365 |
|---|---|

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Notice of Case Assignment and Case Management Conference

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Compliance

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## Continuances

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 02/09/2024        By:     /s/ K. Lideros

K. Lideros, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

FEB 1.2 2024

# EXHIBIT B

EXHIBIT B

**SEYFARTH SHAW LLP**
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendant
KHRG SACRAMENTO LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| ASHLEY BARR, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>KHRG SACRAMENTO LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>               Defendant. | Case No.:  24CV002365<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>Complaint Filed: February 8, 2024 |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT
309350983v.2

Defendant KHRG SACRAMENTO LLC ("Defendant"), hereby answers the unverified Class and Representative Action Complaint ("Complaint") filed by Plaintiff ASHLEY BARR ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies generally and specifically that Plaintiff or any individual she seeks to represent has been damaged in any way by reason of any acts or omissions of Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2. Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, the limitations contained in California Code of Civil Procedure sections 338, 340, 343, and California Business and Professions Code section 17208.

## THIRD DEFENSE

### (Laches)

3. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

1

## FOURTH DEFENSE

### (Waiver)

4. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## FIFTH DEFENSE

### (Estoppel)

5. Plaintiff, and those individuals she seeks to represent, are estopped by their conduct to assert any cause of action against Defendant.

## SIXTH DEFENSE

### (Unclean Hands)

6. Plaintiff's claims, and the claims of those she seeks to represent, are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

7. Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit. Particularly, Plaintiff's cause of action under the Private Attorneys General Act ("PAGA") is barred because Plaintiff failed to satisfy the jurisdictional prerequisites mandated by California Labor Code Sections 2698, et seq.

## EIGHTH DEFENSE

### (Consent)

8. Plaintiff, and those individuals she seeks to represent, are precluded from recovery for any alleged wrongs to which they consented.

## NINTH DEFENSE

### (Release)

9. Plaintiff's claims, and the claims of those she seeks to represent, are barred in whole or in part to the extent that Plaintiff and/or any individual she seeks to represent entered into a valid release, or is covered by a valid release, in relation to the subject claims.

2

## TENTH DEFENSE

### (Res Judicata and Collateral Estoppel)

10.     Plaintiff's Complaint, and each and every claim for relief alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff and/or any employee she seeks to represent has asserted in any prior legal or administrative proceeding that he or she was entitled to payment of wages, damages, liquidated damages, penalties, or other amounts, and did not prevail on such claim.

## ELEVENTH DEFENSE

### (Contribution by Plaintiff's Own Acts)

11.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act, or the acts, omissions, and/or failures to act of those she seeks to represent.

## TWELFTH DEFENSE

### (Not Employed by Defendant)

12.     Plaintiff's claims, and the claims of those she seeks to represent, are barred to the extent that Plaintiff alleges claims for time periods during which she or any one she seeks to represent was not employed by Defendant.

## THIRTEENTH DEFENSE

### (Indemnity/Contribution)

13.     Defendant alleges as to each and every cause of action that it is entitled to indemnification and contribution by apportionment against all parties, persons or entities whose acts or omissions directly or proximately caused or contributed to the incident alleged in the Complaint, or to the damages allegedly sustained by Plaintiff and those she seeks to represent, if any, either as alleged in the Complaint or otherwise.

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14.     Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically,

3

Plaintiff and those she seeks to represent were properly and fully compensated for all work performed for Defendant, and any acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendant to Plaintiff and those she seeks to represent.

## FIFTEENTH DEFENSE

### (Failure To Use Ordinary Care)

15. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those she seeks to represent received good consideration in agreement to serve as employees, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code Section 2854.

## SIXTEENTH DEFENSE

### (Failure To Follow Employer's Directions)

16. Plaintiff and those she seeks to represent are not entitled to recover from Defendant as alleged in the Complaint for any damages, penalties or other relief, due to their failure to comply with all directions of their employer concerning the service on which they were engaged, in violation of California Labor Code section 2856.

## SEVENTEENTH DEFENSE

### (Failure To Inform Employer of Alleged Violations)

17. Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendant of any alleged unlawful conduct or purported complaints, including, but not limited to, any alleged failure to pay overtime wages, sick leave, or break premiums at the correct rate, any alleged meal or rest period violations, or any alleged inaccuracies regarding wage statements, prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

## EIGHTEENTH DEFENSE

### (Avoidable Consequences)

18. Plaintiff's claims, and the claims of those she seeks to represent, are barred to the extent they failed to take advantage of any preventative or corrective opportunities provided by Defendant.

4

## NINETEENTH DEFENSE

### (Substantial Compliance)

19. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant complied with its statutory obligations, and to the extent it is determined that there was technical non-compliance, Defendant substantially complied with its obligations and is not liable in whole or in part for the claims of Plaintiff and/or some or all of the others she seeks to represent.

## TWENTIETH DEFENSE

### (Penalties Unconstitutionally Excessive)

20. Plaintiff and those she seeks to represent are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the Labor Code establish penalties that are mandatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and therefore are unconstitutional under the 8th Amendment of the United States Constitution and Article I section VII of the California Constitution.

## TWENTY-FIRST DEFENSE

### (Exclusions, Exceptions, Setoffs, and Credits)

21. Plaintiff's claims and the claims of those she seeks to represent are barred, in whole or in part, by statutory and regulatory exclusions, exceptions, setoffs or credits under state or federal law, including the Fair Labor Standards Act.

## TWENTY-SECOND DEFENSE

### (Offset)

22. Defendant is entitled to an offset for any overpayments of wages or other consideration previously provided to Plaintiff or those she seeks to represent.

## TWENTY-THIRD DEFENSE

### (Failure To Show Adequate Damages)

23. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or those she seeks to represent.

5

## TWENTY-FOURTH DEFENSE

### (No Knowledge of Violations)

24. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported violations, including, but not limited to, the alleged failure to provide accurate itemized wage statements, or alleged failure to pay sick leave, meal and rest period premiums, and/or overtime at the proper rate. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

## TWENTY-FIFTH DEFENSE

### (Meal And Rest Periods Were Taken)

25. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those she seeks to represent did, in fact, take all meal periods or rest breaks to which Plaintiff claims they were entitled throughout their employment.

## TWENTY-SIXTH DEFENSE

### (Meal Periods Were Provided And Rest Periods Were Authorized And Permitted)

26. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a basis upon which relief can be granted because Defendant, at all relevant times, posted the applicable Wage Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

## TWENTY-SEVENTH DEFENSE

### (Premium Wages For Alleged Failure To Take Meal Periods Or Rest Periods)

27. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those she seeks to represent were paid a "premium wage" of an additional hour of pay at the employee's regular rate of pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such "premium wages" negates any

6

additional liability for alleged meal or rest period violations.

## TWENTY-EIGHTH DEFENSE

### (Meal Period Waiver)

28. To the extent Plaintiff and/or those she seeks to represent voluntarily waived the right to be provided with a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the IWC Wage Orders occurred.

## TWENTY-NINTH DEFENSE

### (No Knowing and Intentional Violation)

29. To the extent Defendant violated California Labor Code section 226(a), if at all, Plaintiff's claims for penalties under Section 226(e) are barred because no such violations were knowing and intentional.

## THIRTIETH DEFENSE

### (No Injury)

30. Plaintiff's claim for penalties pursuant to California Labor Code section 226 fails because she and the individuals she purports to represent have not suffered any injury as a result of the alleged statutory violations.

## THIRTY-FIRST DEFENSE

### (Failure To Show Entitlement To Waiting Time Penalties)

31. Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff has failed to show that Defendant willfully, knowingly or intentionally did not pay all owed or accrued overtime wages, sick leave, or meal or rest break premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff and/or those she seeks to represent. Plaintiff, therefore, cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

## THIRTY-SECOND DEFENSE

### (Failure To Show The Lack Of Itemized Or Accurate Wage Statements)

32. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

7

that Plaintiff cannot show that Defendant failed to furnish an accurate, itemized statement in writing at the time of each payment of wages.

## THIRTY-THIRD DEFENSE

### (Failure To Show Intentional Violation Of Wage Statement Requirements)

33. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff has failed to allege any facts showing that Defendant, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code Section 226.

## THIRTY-FOURTH DEFENSE

### (Lack of Standing to Pursue Class Claims)

34. Plaintiff does not have standing to pursue some or all of the claims she purports to assert on behalf of others or a class. Plaintiff additionally lacks standing to represent any individual who worked for any entity other than the Defendant she worked for, or any subsidiary, division, or location of Defendant other than the one at which Plaintiff worked.

## THIRTY-FIFTH DEFENSE

### (Unmanageable PAGA Claims)

35. Plaintiff's PAGA claims present unmanageable and unduly individualized issues of fact or law, and trial of those claims on a representative basis unfairly hinders Defendant's right to a fair adjudication of those claims, and its right to present individualized defenses to those claims, thereby denying Defendant's right to due process of law as guaranteed by the California and U.S. Constitutions.

## THIRTY-SIXTH DEFENSE

### (Lack Of Standing For Injunctive Relief)

36. Plaintiff's Complaint for injunctive and other equitable relief is barred because Plaintiff is not entitled to the equitable relief sought insofar as she has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

8

## THIRTY-SEVENTH DEFENSE

### (Cal. Labor Code Section 514)

37. Plaintiff's claims are precluded to the extent Plaintiff and/or the individuals she seeks to represent were covered by a valid collective bargaining agreement and otherwise meet the requirements of Section 514 of the California Labor Code.

## THIRTY-EIGHTH DEFENSE

### (LMRA Preemption)

38. Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its resolution depends on interpretation of provisions of any collective bargaining agreement between Defendant and any union representing Plaintiff and/or the individuals she seeks to represent.

## THIRTY-NINTH DEFENSE

### (NLRA Preemption)

39. Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151 *et seq.*) to the extent its resolution depends on interpretation of any collective bargaining agreement between Defendant and any union representing Plaintiff and/or the individuals she seeks to represent.

## FORTIETH DEFENSE

### (Failure to Exhaust Contractual Remedies)

40. Plaintiff's Complaint, and each cause of action therein, is barred to the extent Plaintiff or any individual she seeks to represent failed to exhaust the contract remedies of any applicable collective bargaining agreement.

## FORTY-FIRST DEFENSE

### (No Liquidated Damages)

41. Plaintiff is not entitled to liquidated damages because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and the Defendant had reasonable grounds for believing that its actions or omissions did not violate the law.

9

## FORTY-SECOND DEFENSE

### (No Attorneys' Fees)

42. Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim for attorneys' fees against Defendant. Plaintiff's Complaint, and each purported cause of action alleged therein, also fails to the extent that Plaintiff seeks attorneys' fees and costs because Plaintiff cannot show the enforcement of an important right affecting the public interest.

## FORTY-THIRD DEFENSE

### (Failure to Mitigate)

43. To the extent Plaintiff and/or any individual she seeks to represent failed to mitigate their damages, any damages, if awarded, should be reduced to the extent they have failed to mitigate them.

## FORTY-FOURTH DEFENSE

### (Good Faith)

44. Plaintiff and those she seeks to represent are not entitled to any penalty because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

## FORTY-FIFTH DEFENSE

### (Arbitration)

45. To the extent that Plaintiff and/or those she seeks to represent have agreed to arbitrate their claims alleged in the Complaint by signing an arbitration agreement with a class action or collective action waiver, their claims are barred by their contractual agreement to arbitrate their individual claims only.

## FORTY-SIXTH DEFENSE

### (No Certifiable Class)

46. Plaintiff's Complaint fails to allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure Section 382 and/or Federal Rule of Civil Procedure 23.

10

## FORTY-SEVENTH DEFENSE

### (Inadequate Class Representative)

47. Plaintiff's claims are not amenable to class treatment because she is an inadequate class representative.

## FORTY-EIGHTH DEFENSE

### (No Class Action)

48. Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including but not limited to ascertainability, community of interest, commonality, predominance, numerosity, typicality, adequacy, and superiority, and public policy considerations do not favor such a certification.

## FORTY-NINTH DEFENSE

### (No Private Right of Action)

49. Plaintiff's Complaint fails to the extent there is no private right of action under the alleged applicable statutes.

## FIFTIETH DEFENSE

### (No Standing)

50. As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

## ADDITIONAL DEFENSES

Defendant does not presently know all of the facts and circumstances respecting the claims of Plaintiff and those she seeks to represent, and has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated defenses. Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent through discovery or further investigation of Plaintiff's claims. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

11

1.     That Plaintiff takes nothing by her Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That the Court enter an order denying certification of any proposed class and denying any certification of the case to proceed in any other representative capacity;

4.     That Defendant be awarded reasonable attorneys' fees according to proof;

5.     That Defendant be awarded the costs of suit incurred herein; and

6.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED:  March 11, 2024                              SEYFARTH SHAW LLP

BY: _____
Leo Q. Li
Eric E. Hill
Ping Wang

Attorneys for Defendant
KHRG SACRAMENTO LLC

12

DEFENDANT'S ANSWER TO PLF'S UNVERIFIED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On March 11, 2024, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| William L. Marder | Dennis S. Hyun |
| bill@polarislawgroup.com | dhyun@hyunlegal.com |
| POLARIS LAW GROUP | HYUN LEGAL, APC |
| 501 San Benito Street, Suite 200 | 515 S. Figueroa St., Suite 1250 |
| Hollister, California 95023 | Los Angeles, California 90071 |
| Tel:     (831) 531-4214 | Tel:     (213) 488-6555 |
| Fax:     (831) 634-0333 | Fax:     (213) 488-6554 |

*Attorneys for Plaintiff*
*ASHLEY BARR and the CLASS*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 11, 2024, at San Francisco, California.

Juliana Blackwell

PROOF OF SERVICE/CASE NO. 24CV002365

309630457v.1